UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE et al.,

           Plaintiffs,           Case No. 1:12-cv-125

v.                                     Honorable Janet T. Neff

UNKNOWN PART(Y)(IES) et al.,

           Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by state prisoners Darryl McGore, Robert Acheson and Gill Miller. The current fee for a civil action is $350.00. Because there are multiple plaintiffs, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for $116.67. Plaintiff McGore, who is incarcerated at the Baraga Maximum Correctional Facility, seeks leave to proceed *in forma pauperis*. Because Plaintiff McGore has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff McGore to pay the $116.67 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff McGore fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff McGore will be responsible for payment of the $116.67 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff McGore has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). Although all of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Plaintiff McGore also has been denied leave to proceed *in forma pauperis* on numerous previous occasions for having three strikes. *See McGore v. Bigger et al.*, No. 2:10-cv-103 (W.D. Mich. Aug. 10, 2010); *McGore v. Curtin et al.*, No. 1:10-cv-257 (W.D. Mich. May 19, 2010); *McGore v. Mich. Parole Bd. et al.*, No. 1:09-cv-922 (W.D. Mich. Oct. 23, 2009); *McGore v. Curtin et al.*, No. 1:09-cv-820 (W.D. Mich. Sept. 21, 2009); *McGore v. Rich*, No. 1:09-cv-395 (W.D. Mich. May 12, 2009); *McGore v. McKee et al.*, No. 1:04-cv-421 (W.D. Mich. June 29, 2004); *McGore v. Gundy*, No. 1:00-cv-490 (W.D. Mich. Sept. 7, 2000).

Plaintiff seeks to invoke the statutory exception for a prisoner who is under imminent danger of serious physical injury. The Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception).

      Plaintiff McGore complains that he was denied toothpaste and soap while housed in detention at the Michigan Reformatory (RMI) on October 6, 2011. As previously discussed, assertions of past danger do not satisfy the imminent-danger exception. *Rittner*, 290 F. App'x at 797-98; *Pointer*, 502 F.3d at 371 n.1. In addition, Plaintiff McGore's allegations about Defendants' actions at RMI fail to show that he was in imminent danger at the time he filed the instant action, when he was housed at the Baraga Maximum Correctional Facility. Plaintiff McGore is no longer at risk of injury from the RMI Defendants because he no longer resides there. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that a plaintiff cannot show imminent danger based on events that occurred at a facility other than his current place of incarceration). Because Plaintiff McGore fails to allege facts showing that he is in real and proximate danger of serious physical injury, he cannot successfully invoke the exception.

In light of the foregoing, § 1915(g) prohibits Plaintiff McGore from proceeding *in forma pauperis* in this action. Plaintiff McGore has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fee, which is $116.67. When Plaintiff McGore pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff McGore fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $116.67 filing fee.

Dated: March 6, 2012           /s/ Janet T. Neff
                               Janet T. Neff
                               United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**